**POLYLOK CORPORATION, Plaintiff,**

v.

**VALLEY FORGE FABRICS, INC., Defendant.**

No. 83 Civ. 4054 (EW).

United States District Court, S.D. New York.

Oct. 13, 1987.

Sutton, Magidoff & Amaral, New York City, for plaintiff; Barry G. Magidoff, Paul J. Sutton, of counsel.

Friend, Moss & Marks, New York City, for defendant; Solomon H. Friend, Karen M. Riggio, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Following the issuance of a preliminary injunction which was granted by this Court after a hearing at which testimony was taken,[1] the plaintiff, Polylok Corporation, moved for an order (1) finding the defendant, Valley Forge Fabrics, Inc., in contempt for violating the terms of the injunction, and (2) pursuant to Fed.R.Civ.P. 37 striking the defendant's answer and awarding plaintiff attorneys' fees and costs incurred by reason of defendant's alleged willful obstruction of the discovery process. The motion was referred to Magistrate Bernikow to hear and report pursuant to 28 U.S.C. § 636(b)(1)(B).

Preliminarily it is observed that this action, wherein plaintiff asserts claims of trademark infringement and unfair competition, has degenerated into what may be referred to as a war of attrition, which has obscured rather than clarified issues and produced a record of several thousand pages of minutes of hearings, pretrial depositions and hundreds of pages of briefs. This untoward result is unfortunate since the defendant offered to consent to a permanent injunction based upon the preliminary injunction, including the payment of substantial counsel fees, a disposition that apparently foundered on the amount of fees to be paid to plaintiff's attorneys. Plaintiff, of course, has the unquestioned right to a legal determination of its claims. Equally, the defendant has the right to judicial determination of its defenses. However, it is indeed deplorable that personal antagonisms have precluded a consensual accommodation which in end result would afford to plaintiff as much relief as it can achieve if it prevails upon a trial upon the merits. Accordingly, we proceed to consider the issues presented on this motion. Familiarity is also assumed with all prior rulings and proceedings in this matter.

The Magistrate recommended that the motion be granted in part and denied in part. In large measure, his report centered about "Polylox Woven/Malimo," a third sample swatch book distributed by defendant which came to plaintiff's attention after the hearing on the motion for a preliminary injunction, and the verity of the testimony of Daniel Dobin, president of defendant corporation, with respect to its origin, distribution and orders based thereon. Also pertinent on this issue was the testimony of Michael McAndrew, defendant's sales manager, whose testimony the Magistrate found acceptable, and who played a significant role with respect to the Polylox Woven/Malimo matter and a litigation referred to as the Penco action, which involved a third party.

The Magistrate made two recommendations. One, he recommended that the defendant be found in contempt for violation of the preliminary injunction because of failure to include the Polylox Woven/Malimo book in the Recall Letter set forth in the injunction order. He also found that defendant had continued to make sales of fabrics included in the Polylok Plus books and that it was possible there were other violations, which plaintiff would be afforded an opportunity to establish at a consolidated inquest. As to this branch of the motion, he recommended that plaintiff be awarded (a) reasonable attorneys' fees and (b) the profits realized by the defendant from the sale of fabrics in violation of the preliminary injunction, such determination to be deferred until the consolidated inquest.

In addition, as to the motion made pursuant to Rule 37, Fed.R.Civ.P., based principally upon his view that defendant and its employees had willfully obstructed the discovery process by Dobin testifying falsely and evasively, and by the failure of defendant and its officers to produce documents—especially the Polylox Woven/Malimo book and the Penco litigation file, the Magistrate recommended that defendant's answer be

---

1. *Polylok Corp. v. Valley Forge Fabrics, Inc.,* 566 F.Supp. 263 (S.D.N.Y.1983).

stricken and a consolidated inquest be taken to determine damages, counsel fees and other items.

The defendant filed objections to the Magistrate's report, urging that it be rejected in toto on the ground, among others, that plaintiff had failed to establish a prima facie case of contempt, and that the burden of proof had been shifted improperly to defendant to prove that sales of non-exclusive fabrics did not violate the injunction, instead of requiring plaintiff to prove by clear and convincing evidence that violative sales had been made; further objection is made to a consolidated inquest as unjustified upon the record, particularly in view of the Magistrate's observation that "... the amount of any such wrongful sales may be de minimis." Finally, defendant urges that it is entitled to have its alleged defenses challenging plaintiff's claims to relief tried on the merits.

The plaintiff also filed objections. While accepting the Magistrate's underlying factual or evidentiary determinations, the plaintiff objected to a number of the conclusions and recommendations as erroneous as a matter of law. These included the Magistrate's observation that "defendant's infringement was not willful or malicious"; the Magistrate's acceptance of the testimony of McAndrew, sales manager of defendant, on the ground it was not sufficient to exculpate the defendant; and that defendant's liability was to be determined upon the evidence of Dobin, its president, whose testimony the Magistrate found unreliable. The plaintiff specified other alleged erroneous findings with respect to defendant's alleged contempt of the injunction.

In order to make its de novo determinations of those portions of the recommendation and report to which the parties filed their respective objections, the Court has studied the record of the hearings conducted before the Magistrate over nine separate days, his extensive report and the underlying reasons in support of his recommendations, as well as the voluminous briefs, submissions of the parties and heard oral argument in support of the respective positions relative to the Magistrate's recommendations. Based thereon, I have concluded not to accept his recommendation made under Rule 37 to strike the defendant's answer and directing an inquest in favor of plaintiff. An overall appraisal of all pertinent facts does not warrant the recommended drastic sanction, which would deprive defendant of its day in court.

In substance, this recommendation was based upon the Magistrate's finding that Dobin gave intentionally false and, at times, evasive testimony with respect to his involvement and the circumstances surrounding the origin, creation and distribution of defendant's Polylox Woven/Malimo swatch book; further, he found that Dobin's testimony upon his deposition and at the preliminary injunction hearing was intentionally false.

It may be acknowledged that there are inconsistencies and omissions in Dobin's testimony that raise a question of his credibility, but this does not establish the type of egregious falsity and obstructive conduct that can be classified as intentional, deliberate and calculated to impede the judicial process. While the Magistrate details the basis of his finding that Dobin's testimony was not true and rejects his claim of poor memory and other explanations, it does not follow that the defendant's answer should be stricken. It is a drastic remedy which should be imposed only under the most compelling circumstances. The pretrial discovery record, despite the claims of false swearing and withholding of records, is complete and plaintiff has derived whatever information is necessary under that process to use upon a trial proper. And, of course, the alleged falsity of Dobin's testimony may be used to attack his credibility at the trial. Thus I am of the view that the extreme penalty of striking defendant's answer is not warranted.

The Magistrate also found that at various times during the discovery proceedings defendant failed to comply with his directions in various respects. Indeed, at one point he imposed a $250 sanction because defendant had failed to produce documents as directed. The defendant argues

that having cured the alleged violation, no sanctions should be imposed. Conduct that impedes the orderly progress of a litigation and interferes with the processing of other pending matters may and should be subject to sanctions in order to deter that party as well as others from similar conduct. Sanctions may and should be imposed to assure compliance with the court's directions and rules and to uphold its authority and to curb abusive practices.[2] The issue is the nature and extent of the sanctions.

The Magistrate was fully sensitive of the seriousness of imposing the drastic remedy, but felt because of Dobin's testimony that this was one of those "rare situations" which justified the striking of the defendant's pleading.[3] Plaintiff's attempt to uphold the Magistrate's order by analogizing the instant factual situation to *Penthouse International Ltd. v. Playboy Enterprises*[4] is without support. The conduct, upon which the Court in *Penthouse* imposed the extreme sanction of striking the plaintiff's pleading, caused the interruption of the trial to permit further depositions during which executive officers of plaintiff knowingly continued to misrepresent facts with respect to the nonexistence of material documents, which conduct was acquiesced in by its counsel. These false and repeated denials were made by plaintiff's top executives despite the existence of contradictory documentary evidence. Here the alleged dereliction occurred with respect to nonproduction during the hearing on the motion for a preliminary injunction with respect to the Malimo products which Dobin testified were never considered important in his company.

After the grant of the preliminary injunction, plaintiff's counsel came into possession of the Polylox Woven/Malimo sample book, and questioned Dobin about it in De-cember 1983, and subsequent dates upon his deposition. Dobin gave varying answers with respect thereto, which the Magistrate found were in the main false or evasive. Among other matters, near the conclusion of the discovery period, Dobin testified that he had looked "high and low" for documents concerning the Polylox Woven/Malimo swatch books, but could not find them, and that he was vague as to requests he made of other employees to search and locate them. After the depositions were closed, defendant engaged substitute counsel, its present counsel. On the day before the parties were to submit the pretrial order, defendant's counsel notified plaintiff's counsel that it had just discovered a file folder, which contained documents and information relating to the Penco litigation that plaintiff deemed of significance in support of its case. Defendant's counsel informed plaintiff's counsel that the Polylox Woven/Malimo book had never been recalled or withdrawn from the market. Thereupon plaintiff filed its present motion.

At the hearings McAndrew was the principal witness with respect to the Penco litigation, and testified as to the origin of the Polylox Woven/Malimo book. He testified that defendant's employees were informed of the preliminary injunction shortly after its issuance and instructions given to all to comply with its terms. He also testified that Dobin directed him to establish a monitoring procedure to assure defendant's compliance with the preliminary injunction and how orders that were received subsequent to the entry of the injunction were checked to assure compliance.

In December 1983, when defendant notified plaintiff it had discovered the existence of the Polylox Woven/Malimo book, plain-

---

**2.** *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766–67, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980); *Penthouse International Ltd. v. Playboy Enterprises*, 663 F.2d 371, 386 (2d Cir.1981); *One Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979).

**3.** *One Forty–Second Street Theater Corp. v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1064

(2d Cir.1979); *see also National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 9–12 (1st Cir.1985), *cert. denied*, 475 U.S. 1818, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986).

**4.** 663 F.2d 371 (2d Cir.1981).

tiff advised defendant that it considered the Polylox Woven/Malimo book within the scope of the preliminary injunction. McAndrew testified that the monitoring procedure was then expanded to include orders for fabrics exclusive to the Polylox Woven/Malimo book. McAndrew's explanation of this latter book was that he kept it in a file in his desk since the Penco suit was settled; that he mentioned its existence for the first time in connection with the present action in the course of a conversation in May 1984 with one of defendant's recently substituted counsel; that the reason he did not mention the file sooner was his view that it had no relevance to the present action, which he understood involved only the Polylox Plus swatch book; further, that at no time prior to his conversation on the subject with new counsel did he mention the Penco file to Dobin because of his belief of its lack of relevance; and that no officer of defendant ever indicated to him any documents or other matter should be concealed.

While it may be argued that Dobin at the preliminary injunction should have mentioned Penco and the Polylox Woven/Malimo book, whether or not he thought it was relevant, and, as plaintiff argues, that defendant violated the injunction by failing to recall the Polylox Woven/Malimo book from the market, and even accepting the Magistrate's finding that Dobin's testimony at the preliminary injunction was not credible, this conduct in no respect can be equated to the persistent and repeated perjury of officers of the litigant which stamped the *Penthouse* case. That situation of calculated conduct is so far removed from the facts of this case as to bear no reasonable relationship to it. The Trial Judge in that case found:

> Penthouse and its attorney flagrantly and willfully violated the rules of the discovery process over almost the entire course of this litigation. This was accompanied by subterfuge, misrepresentation and false testimony. Penthouse made a total mockery of the discovery process in this case.[5]

5. 86 F.R.D. 396, 406 (S.D.N.Y.1980).

The extreme sanction of striking a litigant's pleading, which deprives him of his day in court and a hearing on the merits of his claims or defenses, is justified only where the rights and remedies of a party are defeated or seriously impaired, and the judicial process obstructed. The plaintiff has all the information it requires upon a trial. However, it does appear that defendant's failure promptly to disclose the Penco file and produce other documents resulted in unduly and unnecessarily delaying the proceedings, thereby imposing additional and unnecessary legal expenses upon plaintiff, and plaintiff is entitled to an award of extra counsel fees imposed by reason of such conduct, which the Court fixes in the sum of $10,000.

As to the recommendation that defendant violated the preliminary injunction, the Court accepts the same, including the requirement that, if defendant has not already done so, it mail a Recall Letter to those customers to whom it previously distributed copies of the Polylox Woven/Malimo book. The Magistrate found, however, that while there were wrongful sales that were "de minimis," he was of the view that upon the consolidated inquest, which he recommended, other instances might be unearthed. No purpose would be served in holding a separate hearing, since a trial on the merits is to be conducted, which will afford plaintiff the opportunity to present proof to sustain its claims of additional violations, at which time not only damages but any claim to counsel fees may be presented.

Counsel shall file an amended pretrial order within ten (10) days from the date hereof.